

FILED

NOV - 8 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DIANNE RICHARDS COOK,

       **Plaintiff,**

    **v.**                          **CIVIL ACTION NO. 2:15cv278**

CAROLYN W. COLVIN,
**Acting Commissioner,**
**Social Security Administration,**

       **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

    This matter is currently before the Court on Dianne Richard Cook's ("Plaintiff")

objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set

forth below, the R&R is **ADOPTED**, the Social Security Administration Commissioner's

("Defendant") motion for summary judgment is **GRANTED**, and Plaintiff's motions for

summary judgment and remand are **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

    Plaintiff filed an application for Disability Insurance Benefits ("DIB") on December 22,

2011, alleging a disability onset date of August 1, 2009, of lower back pain due to a work-related

injury. R. 193-207. The Commissioner denied Plaintiff's application, first on May 2, 2012, and

again after reconsideration on January 4, 2013. R. 124-27, 141-47. At Plaintiff's request, the

ALJ held a hearing on November 21, 2013. R. 42-68. The ALJ denied Plaintiff's application on

January 15, 2014. R. 21-35. On April 15, 2015, the Appeals Council denied Plaintiff's request

to review the ALJ's decision, thereby making the ALJ's decision the final decision of the Acting Commissioner. R. 1-3.

On June 19, 2015, Plaintiff, through counsel, filed a complaint seeking the Court's review of the ALJ's decision. ECF No. 1. The Acting Commissioner filed an Answer on August 20, 2015. ECF No. 4. Plaintiff filed a Motion for Summary Judgment and a Motion to Remand on September 25, 2015. ECF Nos. 8, 9. The Acting Commissioner filed a Motion for Summary Judgment on October 28, 2015. ECF No. 11. On July 13, 2016, a United States Magistrate Judge filed a R&R, in which he recommended that Plaintiff's Motions for Summary Judgment and Remand be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's final decision (i.e., the ALJ's decision) be affirmed. ECF No. 13.

On July 25, 2016, Plaintiff filed Objections to the R&R. ECF No. 14. On August 4, 2016, Defendant filed a response. ECF No. 15. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The "de novo" requirement means that a district court judge must give "fresh consideration to those issues [in the R&R] to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 675 (1980); *see Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by the [Magistrate Judge], if objected to, are subject to final *de novo* determination on such objections by a district judge . . . ."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

2

A district court reviewing an administrative decision under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal quotation and citations omitted).

In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner (or the Commissioner's designate, the Administrative Law Judge ("ALJ")). *Id.* The ALJ's findings as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

### III. DISCUSSION

Plaintiff raises two objections to the R&R: 1) The ALJ failed to properly weigh the medical opinion evidence; and 2) The ALJ failed to properly evaluate Plaintiff's credibility. After a full review of the record, the parties' briefs both on Plaintiff's objections and on the underlying Motions for Summary Judgment, the Court, having given fresh consideration to the Magistrate Judge's findings, finds that the ALJ's decision was supported by substantial evidence. Therefore, for the additional reasons stated below, the Court **ADOPTS** the R&R.

A. Medical Opinion Evidence

Plaintiff first objects to the Magistrate Judge's finding that the ALJ properly weighed the medical opinion evidence to determine Plaintiff's residual functional capacity ("RFC").

3

Specifically, Plaintiff argues the ALJ gave too little weight to the opinions of Dr. Caloras and Dr. Boucher, while giving too much weight to the opinion of Dr. Familant.

### 1. Dr. Caloras

Plaintiff argues that the opinion of Dr. Caloras should have been given controlling weight in determining Plaintiff's RFC. ECF No. 14 at 4. The ALJ must "always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . ." 20 C.F.R. § 404.1527(b). The ALJ will give controlling weight to a treating doctor's opinion so long as the opinion is "not inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. § 404.1527(c)(2). The term "substantial evidence," as used here, "is intended to indicate that the evidence that is inconsistent with the opinion need not prove by a preponderance that the opinion is wrong. It need only be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996).

The ALJ, in explaining the decision to not give controlling weight to Dr. Caloras's opinion, said, "Most importantly, a close review of the record shows that Dr. Caloras' opinions (Exhibits 13F-15F, 18F) are inconsistent with his own progress notes, other medical source opinions, and the claimant's course of treatment and objective findings, which are fairly minimal." R. 30. The ALJ then cited the myriad evidence and the accompanying exhibits that show these inconsistencies. R. 30-32. The Court need not repeat them here. The Court finds that this constitutes substantial evidence such that it was proper for the ALJ to not give controlling weight to Dr. Caloras's opinion.

Plaintiff's objection references the parts of Dr. Caloras's notes that provide evidence of her disability. Plaintiff argues that this evidence is sufficient to give Dr. Caloras's opinion controlling weight. Again, the ALJ must "always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . ." 20 C.F.R. § 404.1527(b). "Even if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is 'not inconsistent' with the other substantial evidence in the case record." Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996).

When the ALJ considered all the relevant evidence together, he determined that Dr. Caloras's opinion was inconsistent with the other evidence in the case record. Finding that this determination by the ALJ was supported by substantial evidence, the Court ends its inquiry here. Precedent dictates that the Court does not re-weigh conflicting evidence or substitute its judgment for that of the ALJ, so long as the ALJ's findings are supported by "substantial evidence" and are reached through application of the correct legal standard. The determination of the ALJ is supported by substantial evidence, which is expounded and cited thoroughly in the decision, and the ALJ employed the correct legal standard in reaching that determination.

In instances, like this one, where the treating doctor's opinion is not given controlling weight, the opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996). The weighing factors are: 1) Length of the treatment

relationship and the frequency of examination; 2) Nature and extent of the treatment relationship; 3) Supportability of the opinion with evidence; 4) Consistency with the rest of the record; 5) Specialization of the doctor; and 6) Any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6); 20 C.F.R. § 416.927(c)(2)-(6). Plaintiff's objection alleges that "[t]he ALJ gave these factors short shrift" and, therefore, did not apply the correct legal standard. ECF No. 14 at 5.

Regarding the first factor (i.e., the length of the treatment relationship and frequency of examination), the ALJ's decision states, "Even progress notes from 2011 and 2012 suggest that the claimant has seen Dr. Caloras relatively few times over the course of the last three years (Exhibits 12F, 14F, 16F)." R. 30.

Moreover, Plaintiff's objection concedes, ". . . the ALJ correctly noted that Dr. Caloras had not treated [Plaintiff] frequently . . . ." ECF No. 14 at 5. Plaintiff argues that, notwithstanding this infrequent treatment, this factor should not be weighed against Dr. Caloras because Plaintiff had previously received treatment at the same facility where Dr. Caloras practiced. This fact does not negate the ALJ's determination that Dr. Caloras treated Plaintiff infrequently, nor does it lead the Court to conclude that the ALJ did not have substantial evidence for his determination.

Regarding the second and third factors, the Court finds that the ALJ appropriately considered the nature and extent of the treatment relationship, as well as the supportability of Dr. Caloras's opinion with evidence. This is shown in the ALJ's thorough recitation of Dr. Caloras's findings in his decision. *See* R. 29-30. The ALJ also addressed the fourth factor, (i.e., the opinion's consistency with the rest of the record). As previously mentioned in the "controlling

6

weight" discussion, the ALJ considered all the evidence in the record and concluded that Dr. Caloras's opinion was inconsistent with the substantial evidence in the record as a whole.

The ALJ addressed the fifth factor (i.e., the specialization of the doctor) by saying, "Dr. Caloras is a family practitioner who appears without any specific other medical specialty relevant to the claimant's impairments. Most of the claimant's records from 2009 and 2010, in fact, are from other medical providers who do specialize in orthopedic and similar issues (Exhibits 1F, 4F, 7F-9F)." R. 30. The evidence comprising the final factor (i.e., any other information which tends to support or contradict the opinion) are subsumed in the other five.

The Court finds that the ALJ applied the correct legal standard here because he considered these factors when making his determination about the appropriate weight to give to Dr. Caloras's opinion. The Court also finds that his determination is supported by substantial evidence, as cited on pages 29 and 30 of the Record. Therefore, the Court will not re-weigh the evidence, but will defer to the ALJ's decision.

### 2. Dr. Boucher

Plaintiff argues that the ALJ should have given more weight to the opinion of examining occupational medicine specialist Dr. Boucher. ECF No. 14 at 5-6. Dr. Boucher examined Plaintiff on one occasion. As such, Dr. Boucher is a "nontreating source," meaning his opinion is not entitled to receive "controlling weight." 20 C.F.R. § 404.1502; 20 C.F.R. § 416.902; Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996). However, the ALJ is still required to use the aforementioned six-factor analysis to determine the appropriate weight to give Dr. Boucher's opinion. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c).

Regarding the first factor (i.e., the length of the treatment relationship and frequency of examination), the ALJ noted that Dr. Boucher "only examined [Plaintiff] on one occasion . . . ." R. 33. The ALJ also considered the nature and extent of the treatment relationship (second factor), as well as the supportability of Dr. Boucher's opinion with evidence (third factor), as shown in his noting that Dr. Boucher's only examination occurred "early in the adjudicatory period, less than 12 months after the alleged onset date, and his opinions do not reflect [Plaintiff's] subsequent longitudinal functioning." *Id.* This last part about Plaintiff's subsequent change in ability speaks to the fourth factor (i.e., the opinion's consistency with the rest of the record).

The fifth factor is the specialization of the person giving the opinion. The ALJ pointed out that Dr. Boucher is an "independent examiner," but did not mention his specialty in occupational medicine. The ALJ also failed to explain how this information affected his determination to give "relatively little weight" to Dr. Boucher's opinion. However, taken in the context of the ALJ's larger discussion of Dr. Boucher's opinion, as referenced above, the fact that the ALJ omitted the occupational medicine specialty does not render his determination undeserving of the Court's deference. It cannot be said that the ALJ's decision to give little weight to Dr. Boucher's opinion was not based on substantial evidence, nor that he applied the wrong legal standard in evaluating Dr. Boucher's opinion.

### 3. Dr. Familant

Plaintiff argues that "the only medical evidence credited by the ALJ that actually conflicts with the opinions from Dr. Caloras is from [Dr. Familant]." EFC No. 14 at 4. Dr. Familant was the State agency medical consultant assigned to review Plaintiff's case. His

8

examination of Plaintiff's medical records led him to conclude that Plaintiff was capable of performing light work, so long as she had the opportunity to change positions for two to three minutes every hour. The R&R sufficiently summarizes the evidence supporting this conclusion. ECF No. 13 at 6-8. Dr. Familant did not treat or examine Plaintiff personally, making him a "nonexamining source." 20 C.F.R. § 404.1502; 20 C.F.R. § 416.902. Therefore, the ALJ must use the same six-factor analysis to determine the appropriate weight to give Dr. Familant's opinion. 20 C.F.R. § 404.1527(e); 20 C.F.R. § 416.927(e).

As Dr. Familant is a nonexamining medical consultant, the first two factors do not weigh in favor of his opinion because they deal with aspects of the treatment relationship. The ALJ did not mention either factor. After giving a five-page summary of the evidence in the record, the ALJ's decision states, "Based on this evidence, the State agency medical consultant's opinion is more persuasive than Dr. Caloras' opinions (Exhibits 13F-15F, 18F), and the undersigned gives the State agency consultant's opinion relatively great weight (Exhibits 7A-8A)." R. 33. The ALJ gave Dr. Familant's opinion more weight because the other evidence in the record was more consistent with Dr. Familant's opinion, as stated above, than with either Dr. Caloras's or Dr. Boucher's opinions. *Id.* This speaks to the supportability of Dr. Familant's opinion with evidence (third factor), as well as the opinion's consistency with the rest of the record (fourth factor).

The fifth factor is the specialization of the person giving the opinion. The ALJ did not mention Dr. Familant's specialty. However, just as with Dr. Boucher, the fact that the ALJ omitted mention of the specialty does not render his determination undeserving of the Court's deference. The ALJ gave a detailed, five-page summary of the medical evidence in the record,

9

followed by his explanation of how that evidence is inconsistent with Dr. Caloras's and Dr. Boucher's opinions, but consistent with Dr. Familant's. *See* R. 29-33. He correctly cites the appropriate exhibits that support his findings. Therefore, it cannot be said that the ALJ's decision to give more weight to Dr. Familant's opinion was not based on substantial evidence, nor that he applied the wrong legal standard in evaluating Dr. Familant's opinion.

Plaintiff argues that Dr. Familant's opinion is the only evidence in the entire record that contradicts Dr. Caloras's findings. EFC No. 14 at 4. Plaintiff's argument then quotes case law saying that "the opinions from a non-examining state agency medical source are, standing alone, 'not enough to constitute substantial evidence.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). Plaintiff mischaracterizes the evidence in the record. Again, the ALJ wrote five pages pointing out the multiple instances where Dr. Caloras's opinion is "inconsistent with his own progress notes, other medical source opinions, and the claimant's course of treatment and objective findings . . . ." R. 30; *see* R. 29-33. Dr. Familant's opinion does not "stand alone" as the only evidence that contradicts Dr. Caloras's opinion.

### B. Plaintiff's Credibility

Plaintiff's second objection is that the ALJ failed to properly evaluate Plaintiff's credibility. Specifically, Plaintiff argues that the ALJ erred by finding that Plaintiff's testimony about her impairments was not credible.

"The determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing 'the existence of a medical impairment(s) . . . *which could reasonably be expected to produce the pain or other symptoms alleged.*'" *Chater*, 76 F.3d at 594 (4th Cir. 1996) (quoting 20 C.F.R. §§ 416.929(b) &

10

404.1529(b)) (emphasis in original). "At this stage of the inquiry, the pain claimed is not directly at issue; the focus is instead on establishing a determinable underlying impairment . . . which could reasonably be expected to be the cause of the disabling pain asserted by the claimant." *Id.* Plaintiff has established that such an impairment exists in this case.

In the second step of this determination process, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595. "[T]his evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.*

"Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." *Id.*

The ALJ determined that Plaintiff's testimony about her impairments was not credible because her characterization of her symptoms was inconsistent with the "objective medical evidence" in the record and with Plaintiff's own descriptions of tasks she was able to perform. R. 30-32. The Magistrate Judge included a summary of these inconsistencies in the R&R, and Defendant supplemented this summary in her response to the R&R. *See* ECF No. 13 at 19-20; *see also* ECF No. 15 at 4-5. This determination is explained sufficiently in the ALJ's decision.

11

*See* R. 30-32. The ALJ's decision is supported by the substantial evidence and it was reached through the application of the correct legal standard. Therefore, the Court will defer to the ALJ's decision and will not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ.

## IV. CONCLUSION

This Court has independently reviewed the record in this case and the objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful review of the R&R, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on July 13, 2016. Defendant's motion for summary judgment is **GRANTED** and Plaintiff's motions for summary judgment and remand are both **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 8, 2016

Raymond A. Jackson
United States District Judge

12